# EXHIBIT A

# EXHIBIT A

STATE OF NEW YORK
SUPREME COURT : COUNTY OF NIAGARA

---

WAYNE JACKSON, as Putative Administrator of
the Estate of WAYNE JACKSON, II, Deceased,
973 Youngstown/Lockport Road
Youngstown, New York 14174

                      Plaintiff,

v.

NIAGARA FALLS POLICE DEPARTMENT
1925 Main Street
Niagara Falls, New York 14305

CITY OF NIAGARA FALLS
745 Main Street, Room 114
Niagara Falls, New York 14301

JOHN DOES 1-3, sued Individually and in their
Official Capacities as Niagara Falls Police
Department Officers (the name of "John Does" being
fictitious and unknown to Plaintiff, but intended to be
the Niagara Falls Police Department officers involved in
the relevant events herein)

                      Defendants.

**SUMMONS**

Index No.:

---

TO THE ABOVE-NAMED DEFENDANTS:

YOU ARE HEREBY SUMMONED to answer the Complaint in this action and to serve a copy of your Answer or, if the Complaint is not served with a Summons, to serve a notice of appearance, on Plaintiff's attorney within twenty (20) days after the service of this Summons, exclusive of the day of service, or within thirty (30) days after completion of service where service is made in any other manner than by personal delivery within the State. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

{H3443427.1}

                      1

This action is brought in NIAGARA COUNTY based on Plaintiff's residence and the location of the incident.

Dated:     June 30, 2022
           Amherst, New York

                                           *(signature)*
                                           Steven M. Cohen, Esq.
                                           Ariel A. Bauerle, Esq.
                                           HOGANWILLIG, PLLC
                                           *Attorneys for Plaintiff*
                                           2410 North Forest Road, Suite 301
                                           Amherst, New York 14068
                                           (716) 636-7600

{H3443427.1}                                                           2

**HOGANWILLIG**
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.hoganwillig.com
2 of 9

STATE OF NEW YORK
SUPREME COURT : COUNTY OF NIAGARA

---

WAYNE JACKSON, as Putative Administrator of
the Estate of WAYNE JACKSON, II, Deceased,

                           Plaintiff,            **COMPLAINT**

v.

                                        Index No.:

CITY OF NIAGARA FALLS,
NIAGARA FALLS POLICE DEPARTMENT, and
JOHN DOES 1-3, sued in their
Official Capacities as Niagara Falls Police
Department Officers (the name of "John Does" being
fictitious and unknown to Plaintiff, but intended to be
the Niagara Falls Police Department officers involved in
the relevant events herein)

                           Defendants.

---

      Plaintiff WAYNE JACKSON ("Plaintiff"), as Putative Administrator of the Estate of WAYNE JACKSON II, Deceased ("Decedent"), by and through his attorneys, HOGANWILLIG, PLLC, as and for his Complaint against Defendants CITY OF NIAGARA FALLS, NIAGARA FALLS POLICE DEPARTMENT, and JOHN DOES 1-3 (collectively "Defendants"), alleges as follows:

      1.     At all times hereinafter mentioned, Plaintiff was and still is a resident of the County of Erie and State of New York.

      2.     At all times hereinafter mentioned, Wayne Jackson, II was a resident of the County of Niagara and State of New York.

      3.     Upon information and belief, and at all times hereinafter mentioned, Defendant City of Niagara Falls ("City") was and still is a municipal corporation organized and existing

{H3443427.1}                                                                       3

**HOGANWILLIG**
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.hoganwillig.com
3 of 9

under the laws of the State of New York, with principal offices located at 745 Main Street, Niagara Falls, New York 14301.

4. Upon information and belief, and at all times hereinafter mentioned, Defendant Niagara Falls Police Department ("Police Department") was and still is a division of Defendant City organized and existing under the State of New York, with principal offices located at 1925 Main Street, Niagara Falls, New York 14305.

5. Upon information and belief, and at all times hereinafter mentioned, Defendants John Does 1-3 were employees of Defendants City of Niagara Falls and the Niagara Falls Police Department who were acting within the course and scope of their duties as police officers on the date and at the time of the within incident.

6. By virtue of the application of one or more sections of the New York Civil Practice Law and Rules ("CPLR") § 1602, the limitations on liability imposed by the same do not apply to the causes of action contained herein.

7. The venue is proper in Niagara County based upon Plaintiff's residence and the location of the within incident.

8. On or about June 30, 2021, and within ninety (90) days after the incident herein sued upon accrued, Plaintiff served upon Defendants, through their duly authorized agents, a written Notice of Claim pursuant to § 50-e of the General Municipal Law of the State of New York setting forth the time, place, nature, and manner in which the claim arose, a copy of which is attached hereto as **Exhibit A**.

9. On or about July 16, 2021, Defendants City and Police Department served upon Plaintiff a Demand for Oral Examination of Plaintiff/Claimant pursuant to Section 50-h of the General Municipal Law.

{H3443427.1}    4

HOGANWILLIG
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.hoganwillig.com
4 of 9

10. Counsel for Defendants City and Police Department conducted an examination of Administrator Plaintiff pursuant to Section 50-h of the General Municipal Law on March 3, 2022.

11. More than thirty (30) dates have lapsed since the date the Notice of Claim was served and, at the time of this Complaint, Defendants have made no offer to settle this claim.

12. This action was commenced within one year and ninety days of the date of the subject incident.

## ALLEGATIONS APPLICABLE TO ALL CLAIMS

13. On or about April 2, 2021, at approximately 2:15 a.m., Wayne Jackson, II, was bludgeoned to death at his residence located at 615 Tronolone Place, Niagara Falls, New York 14301.

14. At approximately 11:30 p.m. on April 1, 2021, a fellow resident of the townhouse located at 615 Tronolone Place, Niagara Falls, New York heard a loud commotion coming from the third floor of the building where Wayne Jackson, II and his roommate and landlord, Nick Bartek, lived together.

15. Based on the foregoing, at approximately 11:30 p.m., the fellow resident called 911 and requested that the Niagara Falls Police Department come to investigate the dispute.

16. In response to this call, John Doe officers from Defendant Niagara Falls Police Department arrived on scene.

17. Upon hearing the commotion, Officer John Doe 1 negligently and recklessly told the fellow resident that it was not a dangerous situation but merely a "landlord-tenant issue", did not go upstairs to investigate, and left the premises.

{H3443427.1}				5

**HoganWillig**
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.hoganwillig.com
5 of 9

18. Sometime thereafter, the fellow resident called 911 a second time due to the continued commotion on the third floor.

19. Once again, Officer John Doe 1 arrived on the scene, heard the commotion, negligently and recklessly reiterated that the dispute was a "landlord-tenant issue", went up to the third-floor hallway and upon information and belief, called out "is everything okay?", to which someone responded "yes."

20. Officer John Doe 1 negligently and recklessly left the premises, despite the continuation of the dispute.

21. The fellow tenant proceeded to send a text message to her boyfriend regarding the disturbances upstairs, as her boyfriend was personally acquainted with both Wayne Jackson, II, and Nick Bartek.

22. The fellow tenant's boyfriend then reached out to Nick Bartek.

23. In response, Nick Bartek texted the fellow tenant's boyfriend a picture of Wayne Jackson, II, on the ground, bleeding, without his phone, and without his glasses on.

24. Once again, the fellow tenant called 911 and Officer John Doe 1, annoyed at being bothered, arrived at the scene for a third time.

25. The fellow tenant showed Officer John Doe 1 the photograph of Wayne Jackson, II, and reinforcing Officers were called.

26. Defendants' Officers arrived and proceeded to go upstairs and investigate the scene of the commotion.

27. When Defendants' Officers arrived, Nick Bartek opened the door, and Wayne Jackson, II, was found dead on the ground, murdered with a brick, a bat, and a 2' by 4' wooden bludgeon.

{H3443427.1}	6

**HoganWillig**
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.hoganwillig.com

6 of 9

## AS AND FOR A FIRST CAUSE OF ACTION: WRONGFUL DEATH

28. Plaintiff repeats, reiterates, and realleges each and every allegation in paragraphs "1" through "27" as if fully set forth herein.

29. Defendants, through their employees, agents, members and/or officers failed to investigate the brutal beating and resulting homicide of Wayne Jackson, II, and negligently and recklessly disregarded human life in not attempting to rescue or assist decedent when called to the scene.

30. That Wayne Jackson, II's injuries and ultimate death were caused by the negligent, careless, reckless, wanton, and wrongful intentional acts of Defendants.

31. That Defendants, through their employees, agents, members, and/or officers, either knew or should have known that a failure to properly investigate the complaints made by the fellow tenant would lead to harm to Wayne Jackson, II by causing injury and/or death.

32. By reason of the foregoing, Plaintiff has been damaged in a sum that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A SECOND CAUSE OF ACTION: CONSCIOUS PAIN AND SUFFERING

33. Plaintiff repeats, reiterates, and realleges each and every allegation in paragraphs "1" through "32" as if fully set forth herein.

34. From approximately 11:30 p.m. on April 1, 2021, until 2:15 a.m. on April 2, 2021, Wayne Jackson, II had time to contemplate his death and endured great pain and mental suffering, suffered intense physical pain and mental shock and anguish, suffered serious

{H3443427.1}  7

**HOGANWILLIG**
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.hoganwillig.com

7 of 9

permanent injuries, and did suffer conscious pain and suffering, all of which was the result of Defendants.

37. By reason of the foregoing, Plaintiff has been damaged in a sum that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A THIRD CAUSE OF ACTION:
## NEGLIGENT HIRING, TRAINING AND SUPERVISION

36. Plaintiff repeats, reiterates, and realleges each and every allegation in paragraphs "1" through "35" as if fully set forth herein.

37. Upon information and belief, Defendants, their agents, servants, and employees, hired individuals to perform as police officers of Defendant Niagara Falls Police Department.

38. Upon information and belief, Defendants, their agents, servants, and employees, trained individuals to perform work as police officers of Defendant Niagara Falls Police Department.

39. Defendants were negligent in the hiring of police officers in that they knew, or in the exercise of reasonable care should have known, that said police officers did not possess the temperament and psychological makeup to properly carry out their duties as responsible and law-abiding police officers.

40. Defendants were negligent in the training of police officers in that they failed to train said police officers in responding to an emergency.

41. Defendants were negligent in the supervision of Defendant police officers in that they permitted said police officers to arrive to the scene of a crime without the knowledge to properly investigate.

{H3443427.1}

**HoganWillig**
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.hoganwillig.com

8

8 of 9

42. By reason of the foregoing, Plaintiff has been damaged in a sum that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A FOURTH CAUSE OF ACTION: EMPLOYER LIABILITY FOR EMPLOYEE ACT

43. Plaintiff repeats, reiterates, and realleges each and every allegation in paragraphs "1" through "42" as if fully set forth herein.

44. Defendants are liable for the actions of their employees which directly resulted in the death of Wayne Jackson, II, due to Defendants' employee's negligence or misconduct.

45. Defendants' employee's negligence or misconduct was done within the scope of their authority as employees of Defendants.

46. That by reason of the foregoing, Plaintiff has been damaged in a sum that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE**, Plaintiff demands judgment against Defendants in an amount which exceeds the jurisdictional limits of all other courts which might otherwise have jurisdiction, requests the costs and disbursements of this action, and such other and further relief to Plaintiff as this Court deems just, proper, and equitable.

Dated:   June 30, 2022
         Amherst, New York

*[signature]*
Steven M. Cohen, Esq.
Ariel A. Bauerle, Esq.
HOGANWILLIG, PLLC
*Attorneys for Plaintiff*
2410 North Forest Road, Suite 301
Amherst, New York 14068
(716) 636-7600

{H3443427.1}

9

HOGANWILLIG
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.hoganwillig.com

9 of 9

STATE OF NEW YORK: COUNTY OF NIAGARA

In the Matter of the claim of

Wayne Jackson, Sr., as Putative Administrator of the Estate
Of Wayne Jackson, II, Deceased,

                        Claimant,

    -against-

**NOTICE OF CLAIM**

Niagara Falls Police Department
1925 Main Street
Niagara Falls, NY 14305

City of Niagara Falls
745 Main Street, Room 114
Niagara Falls, NY 14301

County of Niagara
175 Hawley Street, 3rd Floor
Lockport, NY 14094

Niagara County Sheriff's Department
5526 Niagara Street Ext
Lockport, NY 14094

                        Respondents.

TO: **Niagara Falls Police Department**
      **City of Niagara Falls**
      **County of Niagara**
      **Niagara County Sheriff's Department**

    **PLEASE TAKE NOTICE**, Wayne Jackson, Sr. as Putative Administrator of the Estate of Wayne Jackson, II, Deceased, the Claimant herein, hereby makes a claim and demand against the Niagara Falls Police Department, City of Niagara Falls, County of Niagara ("Niagara County") and the Niagara County Sheriff's Department ("Sheriff's Department"), pursuant to § 50-e of the General Municipal Law, as follows:

{H3051714.1}

HoganWillig
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.hoganwillig.com

1

1. The names and post-office addresses of the Claimant and his attorneys are:

   Wayne Jackson, Sr.
   973 Youngstown Lockport Road
   Youngstown, New York 14174

   Steven M. Cohen
   HOGANWILLIG, PLLC
   2410 North Forest Road, Suite 301
   Amherst, New York 14068

2. The nature of the claim:

   This action seeks to recover damages, on behalf of Wayne Jackson, Sr., as Putative Administrator of the Estate of Wayne Jackson, II, Deceased, on behalf of the estate and the rightful heirs and potential distributes of the Estate of Wayne Jackson, II, which includes, but is not limited to, one putative minor child, arising out of the wrongful death, and resulting economic loss, special damages, pain and suffering, and other damages sustained by Wayne Jackson, II, as a result of the intentional and/or negligent, careless, reckless and otherwise tortious conduct of Respondents, and/or their agents, servants or employees, as further set forth below. In addition, Wayne Jackson, Sr. asserts derivative claims herein, on his own behalf and on the behalf of the putative minor child of Wayne Jackson, II and claims for the emotional pain and suffering of bearing witness to his son's suffering and demise as a result of the tortious conduct of Respondents herein.

3. The date, time, place where, and the manner in which the claim arose is as follows:

   The incident giving rise to this matter began on April 1, 2021, and ended on April 2, 2021 at approximately 2:15 a.m. upon the death of Wayne Jackson, II. On April 1, 2021, Wayne Jackson, II was murdered at 615 Tronolone Place, Niagara Falls, New York 14301, which can be described as a three (3) story residential townhouse and is the residence in which he resided at the time of the incident. During this time, Wayne Jackson, II was permitted by the Respondents named herein to die.

{H3051714.1}

2

HOGANWILLIG
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.hoganwillig.com

At approximately 11:30 p.m. on April 1, 2021, a fellow resident of the townhouse, residing on the first floor of the building, hear a loud commotion coming from the third floor of the building where Wayne Jackson, II and his roommate and landlord, Nick Barteck lived together. Based on the foregoing, at approximately 11:30 p.m., the fellow resident called 911 and requested that Respondents Sheriff's Department and City of Niagara Falls Police Department come to investigate the dispute. In response to this call, Officer King from Respondent Sheriff's Department or Respondent Niagara Falls Police Department arrived at the scene. Upon hearing the commotion, Officer King negligently and recklessly told the fellow resident that it was not a dangerous situation but merely a "landlord – tenant issue", did not go upstairs to investigate, and left the premises.

Sometime thereafter, the fellow resident called Respondents for a second time, due to the continuation of the commotion on the third floor. Shortly thereafter, Officer King responded to the call and arrived at the scene. Officer King again, heard the commotion, negligently and recklessly reiterated that the dispute was a "landlord – tenant issue", went up to the third-floor hallway and upon information and belief, called out, "is everything okay?", to which someone responded, "yes", and then Officer King negligently and recklessly left the premises, despite the continuation of the dispute. In response to this, the fellow tenant proceeded to send a text message to her boyfriend regarding the disturbance upstairs, as her boyfriend was personally acquainted with both Wayne Jackson, II and Nick Barteck. The fellow tenant's boyfriend then proceeded to reach out to Nick Barteck. Nick Barteck responded to the fellow tenant's boyfriend by text messaging him a picture of Wayne Jackson, II on the ground, bleeding, without his phone, and without his glasses on. The fellow tenant's boyfriend then instructed the fellow tenant

{H3051714.1}                                                    3

HoganWillig
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.hoganwillig.com

to contact Respondents Sheriff's Department and Niagara Falls Police Department again, and to show the Respondents' Officer the picture of Wayne Jackson, II.

At approximately 2:15 a.m., Respondent's Officer King, annoyed at being bothered, arrived at the scene for a third time. The fellow tenant showed the abovementioned picture of Wayne Jackson, II to Officer King and Respondent's Officer, upon information and belief, asked the fellow tenant if the picture was a "joke". Only after the fellow tenant expressed great fear, anger and frustration with Officer King's unwillingness to intervene in the dispute, did Officer King call Respondents for reinforcements.

Sometime thereafter, Officer King and Respondents' reinforcing Officers proceeded to go upstairs and investigate the scene of the commotion. When Respondents' Officers knocked, Nick Barteck opened the door and Wayne Jackson, II was found dead on the ground, murdered with a brick, a bat, and a 2' by 4' wooden bludgeon. Wayne Jackson, II's exact time of death is currently unknown to Claimant.

**The items of damages or injuries claimed are:**

Claimant asserts derivative claims herein, and claims for the emotional pain and suffering of bearing witness to his son's suffering and demise as a result of the tortious conduct of Respondents herein. Claimant suffered abandonment, neglect, wrongful death, economic loss, special damages, pain and suffering, emotional suffering and other damages, the full extent of which are unknown at present, but in no instant being less than an amount which exceeds the jurisdictional limits of all lower courts herein. Said claim and demand in the amount of EIGHT HUNDRED FIFTY THOUSAND ($850,000) DOLLARS is hereby presented for adjustment and payment on the tortious conduct alleged herein. This sum is separate and apart from any claims

{H3051714.1}

4

HoganWillig
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.hoganwillig.com

based on Constitutional violations for which no Notice of Claim is required pursuant to NY GML §50, et seq.

DATED:  Amherst, New York
        June 30, 2021

                                    _____
                                    Steven M. Cohen, Esq.
                                    HOGANWILLIG, PLLC
                                    *Attorneys for Claimant*
                                    2401 North Forest Road, Suite 301
                                    Amherst, New York 14068
                                    Telephone: (716) 636-7600
                                    scohen@hoganwillig.com

{H3051714.1}                                                                 5

HoganWillig
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.hoganwillig.com

## VERIFICATION OF NOTICE OF CLAIM

STATE OF NEW YORK )
) ss:
COUNTY OF ERIE )

WAYNE JACKSON, being duly sworn, states that I am the Claimant in the within action. I have read the foregoing Notice of Claim and know the contents thereof. The contents are true to my knowledge, except as to matters therein stated to be alleged upon information and belief and to those matters, I believe them to be true.

_Wayne Jackson_
Wayne Jackson

Sworn and subscribed before me
this 30 day of June, 2021.

_Notary signature_
Notary Public

Steven M. Cohen
Notary Public – State of New York
Qualified in Erie County
My Commission expires March 6, 2023

{H2999484.1}

6

HOGANWILLIG
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.hoganwillig.com